83,816-01

August 20, 2015

Abel Acosta, Clerk of the Court
Court of Criminal Appeals of Texas
Supreme Court Building
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Clerk

RE:  Applicant's Pro Se Response to States Answer
Cause No. F-2011-2516-C WHC 1;
Andrew Lanz v. The State of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
''' 25 2015
Abel Acosta, Clerk

Dear Mr. Acosta,

Enclosed, please find a copy of the above document for the numbered and styled cause of action. Please file as appropriate and bring to the attention of the Court.

Thank you for your prompt assistance in this important matter.

Sincerely,

/S/ _____

Andrew Mikael Lanz
TDCJ # 01830007
William P. Clements, Jr. Unit
9601 Spur 591
Amarillo, Texas 79107-9606
Applicant, pro se

CAUSE NO. F-2011-2516-C WHC 1

Ex Parte

§
§
§  IN THE 211th
§  JUDICIAL DISTRICT COURT OF
§  DENTON COUNTY, TEXAS
§

ANDREW LANZ

## APPLICANT'S PRO SE RESPONSE TO STATE'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, ANDREW MIKAEL LANZ, Applicant pro se, and respectfully files this his pro se response to the State's answer in the above styled and numbered cause. In support thereof, Applicant would show the following:

I.

Applicant received a copy of the State's Answer and Memorandum of Law in Support on August 11th. 2015. This response will be timely filed if placed in the Unit Mail System on or before August 21, 2015. See Houston v. Lack 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988)(holding:

1.

"[P]ro se petitioner's notice of appeal is considered to be filed on the date that prisoner delivers the notice to prison authorities for mailing.").

## II.

Throughout the State's 5 page answer, the State merely recaps the trial proceedings at bar and repeatedly states their opinion that Applicant's trial counsel was competent. They conclude by urging the Court to refuse Applicant's Grounds for Relief and adopt their findings of fact and Conclusions of Law as its own. Applicant respectfully disagrees.

The two issues raised by Applicant are that (1) trial counsel failed to conduct an adequate and proper investigation of the laws and facts of the case and, as a result, rendered a frivolous mitigating defense of temporary insanity due to voluntary intoxication; and, (2) the guilty plea entered by Applicant was not voluntary and intelligent as it was based upon misleading information of

2.

trial counsel. Both of these allegations can only be answered by trial counsel, not the State.

As to issue number one, it is clear on the face of the record that trial counsel had no idea what he was expected to prove in order to succeed on a temporary insanity due to voluntary intoxication defense. When the criteria was pointed out by the State, counsel's response to the judge was "I did not even think this would be an issue." R.R. Vol 5, pg 80, ln 5-9, 19. Again, when requesting a jury charge be included on the issue, the trial court denied his motion on the grounds that he failed to establish his defense. There was no expert testimony to explain exactly what temporary insanity due to voluntary intoxication was or what it entailed. Despite the trial court's explanation of that fact, trial counsel asks, "Did we get it?" R.R. Vol 6, pg 33-36. Both of these responses clearly indicate that he still did not understand what evidence or testimony he was re-

3.

quired to present

The general principles which apply to Applicant's claim he received constitutionally inadequate representation are well settled. An applicant claiming ineffective representation bears the burden of proving, by a preponderance of the evidence, both (1) that counsel's performance was deficient, i.e., that the representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been more favorable to the defendant — in other words, a probability sufficient to undermine confidence in the outcome. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). At the same time, a defendant has the right to the effective assistance of counsel at trial and thus is "entitled to the reasonably competent assistance of an attorney acting as his diligent and concientious advocate."

4.

The United States Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct with respect to the question of what constitutes an "objective standard of reasonableness." It has instead emphasized that the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Wiggins v. Smith, 539 U.S. 510 (2003). Accordingly, "before counsel undertakes to act, or not to act, counsel must make a rational and informed decision on strategy and tactics founded upon adequate investigation and preparation." Hence, although a court must presume that counsel's conduct falls within the "wide range of reasonable professional assistance," counsel's alleged tactical decisions must still be subjected to "meaningful scrutiny" and must be "informed" so that before counsel acts, he or she "will make a rational and informed decision on strategy and tactics founded on adequate investigation and preparation." Bell v.

5.

Cone, 535 U.S. 685, 702 (2002).

In the case at bar, Applicant charges trial counsel with ineffective assistance of counsel due to the fact that counsel was woefully and obviously ignorant of the pertinent laws and procedures pertaining to the mitigating defense offered after Applicant's guilty plea. Trial counsel demonstrated this repeatedly when, durning the trial, he offered no expert witness to explain the medical and psychological effects of temporary insanity due to voluntary intoxication, and asking for jury instructions on the same even after being advised by the trial court that he failed to present that defense adequately as to law.

Only trial counsel, to wit Mick Meyer, can answer why he chose to act in this manner and justify his "trial strategy" not the State. Only Mr. Meyer's response should be considered when making the determination as to his competence not the State's obviously biased opinion. For this reason,

6.

Applicant's Ground for Relief should not be denied.

In his second Ground for Relief, Applicant asserts that his guilty plea itself was the product of ineffective assistance of counsel and as such was unknowing and involuntary. As previously stated, the test set forth in _Strickland_ provides a framework to determine whether counsel's acts and neglect so compromised the proper functioning of the adversarial process that the result of the trial cannot be said to have produced a reliable result. _Thompson v. State_, 9 S.W. 3d 808, 812-13 (Tex. Crim. App. 1999)( citing _McFarland v State_, 865 S.W. 2d 824, 843 (Tex. Crim. App. 1992)). Furthermore the two-prong test enunciated in _Strickland_ has also been held to apply to cases involving guilty pleas. _Hill v. Lockhart_, 474 U.S. 52, 57-58 (1985).

In cases where a defendant wishes to enter a plea of guilty, counsel, whether appointed or retained, must ensure that the guilty plea is entered only as an informed

7.

and voluntary choice, by actually and substantially assisting the defendant in deciding to plead guilty. United States v. Diaz, 733 F.2d 371, 374 (5th Cir. 1984); Moya v. Estelle, 696 F.2d 329, 332 (5th Cir. 1983). This is such an important duty that the United States Supreme Court has held consistently that a guilty plea is valid "only if done voluntarily, Knowingly, and intelligently with a sufficient awareness of relevant circumstances and likely consequences." Brady v. United States, 90 S.Ct. 1463 (1970). This "awareness" was clarified to include "an understanding of relevant facts and law." U.S. v. Ruiz, 122 S.Ct. 2450 (2002). Stated differently, competent counsel must, first of all, be aware of the "relevant facts and law" as they relate to the defendant's specific circumstances. They then must convey this information to their client in such a way that the defendant is able to make an informed decision as to whether to plead guilty or not. If counsel fails in this

8.

duty then their assistance falls short of the standard of competent assistance guaranteed a defendant by Constitutional amendments and law. Moreover, such ineffective assistance may render a guilty plea involuntary and hence invalid because if a defendant pleads guilty based on erroneous advise of counsel, the plea is not made voluntarily. Bradbury v. Wainwright, 658 F. 2d 1083, 1087 (5th Cir. 1981); Valle v. State, 963 S.W. 2d 904 (Tex. App. - Texarkana 1988).

As previously shown, the record in this case makes it very clear that Applicant's trial counsel was _not_ aware of the "relevant facts and law" as they relate to the defense of temporary insanity due to voluntary intoxication. Therefore, his advise to Applicant when making the decision to plead guilty or go to trial was not competent as a matter of fact and law and resulted in an involuntary, and therefore invalid plea. Had counsel

9.

offered competent advise or, more importantly, had Applicant been aware that Mr. Meyer had no idea or intention to present an expert to explain or prove the points of law required by the defense offered, Applicant would _not_ have pled guilty and would instead have insisted on a jury trial to challenge the "knowingly and willingly" elements of the charges against him.

For the above reasons, Applicant's Ground for Relief should not be denied.

## CONCLUSION

The Court should issue an order, authorized by Tex. Code Crim. Proc., Art. 11.07, sec 3(d), designating the "Controverted, previously unresolved facts ... material to the legality of Applicant's confinement to be resolved," specifically:

> (1) Was Applicant denied effective assistance of counsel where trial counsel failed to conduct an adequate and proper investigation of the law and facts of his case which resulted in a frivolous mitigating

10.

defense of temporary insanity due to voluntary intoxication?

(2) Was Applicant denied effective assistance of Counsel where Applicant entered an involuntary plea of guilty based on advice from Counsel who was unfamiliar with the relevant facts and laws concerning his specific circumstances?

## PRAYER

Applicant prays that, after a hearing or other fact finding procedures, this Honorable Court will issue Findings of fact and conclusions of law recommending that the Application for a writ of Habeas Corpus be granted.

Respectfully submitted,

/s/ _____

Andrew Mikael Lanz
TDCJ CID # 01830007
William P. Clements, Jr. Unit
9601 Spur 591
Amarillo, Texas 79107-9606
Applicant pro se

11.